[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15296
Non-Argument Calendar

_____

BIA Nos. A95-905-600 & A95-905-601

GONZALO DE JESUS SALDARRIAGA,
CLARA OLGA HUERTA ARCILA,
JORGE IVAN ARCILA SALDARRIAGA,
CAROLINA ARCILA SALDARRIAGA,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 11, 2007)**

Before DUBINA, CARNES, and BARKETT, Circuit Judges.

PER CURIAM:

Gonzalo De Jesus Saldarriaga, a native and citizen of Colombia, and his spouse, Clara Olga Arcila Huerta, and their two children petition for review of the Board of Immigration Appeal's (BIA) order denying their motion to reopen proceedings on the basis of changed circumstances.

We review the BIA's denial of a motion to reopen proceedings for abuse of discretion. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). "In this particular area, the BIA's discretion is quite broad." Id. (internal quotation omitted). In denying the motion, the BIA must not have acted in an arbitrary or capricious manner. Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985).

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The 90-day time limit does not apply, however, if the motion to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. Id. § 1003.2(c)(3)(ii). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. Id.

On June 20, 2006, Saldarriaga filed a motion to reopen proceedings—more

2

than 90 days after the BIA affirmed the IJ's order of removal on January 9, 2006. Saldarriaga argues that his motion falls under the "changed circumstances" exception to the 90-day rule. The BIA determined that he failed to present sufficient evidence that the political conditions in Colombia have materially changed since his original asylum hearing. In light of the evidence presented with his motion to reopen, the BIA's finding was neither arbitrary nor capricious.

Specifically, the news articles and letters submitted showing the conditions in Colombia did not meaningfully alter Saldarriaga's previous claims. They offered general information about Colombian politics, but much of that information was available at the time of the initial merit hearing and did not provide evidence of any material change in country conditions.

Accordingly, none of the proffered evidence established the requisite changed circumstances in Colombia after Saldarriaga's asylum hearing, and Saldarriaga failed to satisfy the exception to the timely filing requirement. We thus cannot say that the BIA abused its discretion in denying the motion to reopen proceedings.

**PETITION DENIED.**